## Ex parte Ed P. Bomar.

Bail.—Even after indictment found for a capital offence, the party charged is entitled to bail if the proof establishes the *corpus delicti* but fails to implicate him in its perpetration.

Habeas Corpus, on appeal from an order in chambers of the Hon. W. A. Blackburn, District Judge.

The applicant was charged by bill of indictment with the murder of Joe Warren, in Burnet County, on the thirtieth day of October, 1872. He was brought before the district judge of the Seventeenth Judicial District on *habeas corpus*, December 1, 1880, and upon examination was refused bail.

Jeff Breazeale testified that he moved to Burnet County in 1872. He was not acquainted with the deceased, nor did he see him on the day of the killing, but saw his body early in the morning after he was killed, at a cattle-men's camp, some two or three miles from town. He had been shot in the left breast, but witness did not remember the range of the wound. The deceased had been dead long enough for the body to have become stiff—probably some two or three hours. A negro, and, the witness thinks, a white man, were at the camp when he reached it, but the white man was not the relator. The witness did not remember the names of the two persons present. Witness was not positive, but thinks a pistol was buckled around the body when he saw it. Did not know what disposition was made of the body, the clothing, or the pistol. The witness did not know the relator at that time. Witness saw no gun or gun-wadding on the occasion referred to, that he remembers.

Robert Foster testified that he had resided within two and one-half miles of the town of Burnet for twenty-five years. Did not know the deceased in his lifetime, but remembers the killing. It occurred about eight years ago, within about five hundred yards of witness's dwelling-house, near a place where deceased and others were camped. Wit-

ness was at his house on the day of the killing, and late in the evening heard two or three shots, as near as he can recollect, fired in rapid succession, one of the balls passing near witness's house.   The sun was then about three-quarters of an hour high.   He heard another shot at the camp after supper the same evening.   There were three or four men who were camped there, but the witness knew none of them except Bomar, the relator, nor does he know where any of parties are now, nor has he seen any of them since.

Cross-examined, the witness said that he went to the camp next morning, after the inquest had been held, and while the body was still there.   He saw a negro there, but noticed no arms.   The first shots he heard in the evening appeared to be pistol-shots, and the one after supper a gunshot.   Had not seen the relator since that occurrence until he appeared in court upon this examination.

*C. C. Potter*, for the relator.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.   From the testimony, as adduced on the trial and exhibited in the statements of facts, there can be no question, in our opinion, but that the relator is entitled to bail.   If there is a single tittle of testimony going to connect him in any manner with the supposed murder, much less pertinently identifying him as its perpetrator, then we have failed to discover it in the record sent up to us on appeal from the order and judgment of the District Court refusing him bail.   Our Constitution provides that "all prisoners shall be bailable by sufficient sureties, unless for capital offences when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found, upon examination of the evidence, in such manner as may be prescribed by law."   Art. I., sect. 11.

The attorney representing the State and the attorney for

relator having agreed that the sum of $5,000 would be a reasonable and sufficient sum for the bond to require the defendant to appear and answer to the indictment charging him, in the District Court of Burnet County, with the murder of Joe Warren, and the same so appearing to this court, it is therefore ordered, adjudged, and decreed that the relator, Ed P. Bomar, be admitted to bail in the sum of $5,000, and that, upon his executing a bond for said sum, with two or more good and sufficient sureties, conditioned as the law requires, he shall be by the sheriff of Burnet County released and discharged from the custody in which said officer now holds him; and it is further ordered that appellant do pay the costs of this appeal.

*Ordered accordingly.*